**SHAWMUT BANK CONNECTICUT,**
National Association, as Indenture
Trustee, Plaintiff,

v.

**Albert LAWRENCE, Defendant.**

**SHAWMUT BANK CONNECTICUT,**
National Association, as Indenture
Trustee, Plaintiff,

v.

**LAWRENCE GROUP, INC., Defendant.**

Nos. 96–CV–1923(FJS/RWS),
96–CV–1980(FJS/RWS).

United States District Court,
N.D. New York.

June 2, 1997.

Thuillez, Ford Law Firm, Albany, NY (Henry Neal Conolly, of counsel), Lowenthal, Landau Law Firm, New York City (Jeffrey A. Moerdler, Jonathan Honig, of counsel), for Plaintiff.

Phelan, Burke Law Firm, Albany, NY (Thomas J. Mortati, of counsel), for Defendants.

## MEMORANDUM-DECISION AND ORDER

FREDERICK J. SCULLIN, Jr., District Judge.

### Introduction

In these two actions the Plaintiff alleges: (1) that Defendant Lawrence Group, Inc. ("LGI") has defaulted on a promissory note (96–CV–1980), and (2) that Defendant Albert W. Lawrence has defaulted on a related personal guarantee (96–CV–1923). On January 29 and February 20, 1997, the Plaintiff filed motions for summary judgment in these actions. While these motions were pending, both LGI and Mr. Lawrence filed petitions for bankruptcy protection, and this action was automatically stayed.[1] With the Court's permission, and pursuant to 11 U.S.C. § 362(d), Plaintiff now brings a motion to withdraw the reference. Plaintiff seeks to withdraw a motion to lift the automatic stay. Defendants oppose Plaintiff's motion and argue that withdrawing the reference would not be an efficient use of judicial resources.[2]

### Discussion

A "district court may withdraw ... any case or proceeding referred [to the Bankruptcy Court] under this section, on its own motion or on timely motion of any party, for *cause* shown." 28 U.S.C. § 157(d). The Second Circuit has articulated a two-prong test for determining whether *cause* exists for permissive withdrawal of a matter from the Bankruptcy Court. First, the district court must evaluate whether the issue the party seeks to withdraw is core or non-core. *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir., 1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). "[O]nce a district court

---

1. The Defendants filed petitions in the United States Bankruptcy Court for the Northern District of New York on February 28, 1997. (*In re Albert W. Lawrence,* 97–11263, and *In re Lawrence Group, Inc.,* 97–11294).

2. Defendants also argue that this motion is premature because Plaintiff should have first filed a

motion to lift the automatic stay in the Bankruptcy Court. However, in light of the permission Plaintiff received and in the interest of judicial economy, the Court finds that Plaintiff's motion to withdraw the reference is properly before this Court.

makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*

The threshold core/non-core determination is governed by 28 U.S.C. § 157(b)(2). Under that section, motions to terminate, annul, or modify the automatic stay are considered core proceedings. 28 U.S.C. § 157(b)(2). As stated, the Plaintiff in this case seeks to withdraw the reference of a motion to lift the automatic stay. As such, the Court finds that Plaintiff seeks to withdraw a core matter from the Bankruptcy Court. This finding weighs against withdrawing the reference. *See In re David Fischer,* 202 B.R. 341, 354 (E.D.N.Y.1996).

Under the second prong of the Second Circuit's test (i.e., questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping), the Plaintiff relies heavily on *In re David Fischer.* In that case, the district court found that withdrawing the reference of the Plaintiff's motion to lift the automatic stay was an efficient use of judicial resources because the underlying claims had been pending for more than four years, discovery was nearing completion, and both the District Judge and the Magistrate Judge assigned to the matter had devoted "substantial resources" in holding hearings, conducting conferences, and deciding numerous motions. 202 B.R. at 354 (E.D.N.Y. 1996). *Id.*

In contrast, the present action was filed in December of 1996, and far fewer judicial resources have been brought to bear. Moreover, the briefing and other legal services rendered thus far should prove useful to the parties in any future Bankruptcy Court proceedings concerning this matter. Thus, the Court finds that withdrawing the Plaintiff's motion to lift the automatic stay from the Bankruptcy Court would not advance the interest of judicial economy.

Furthermore, although there has been no suggestion of forum shopping and no issues of bankruptcy administration have been explicitly raised, this Court finds that the important public policy considerations underlying the bankruptcy laws and the unique expertise of the Bankruptcy Court make it more appropriate for that court to consider Plaintiff's motion to lift the automatic stay in the first instance.

### Conclusion

Therefore, after carefully considering the papers submitted, the applicable law, and the entire file in this matter, it is hereby

ORDERED that Plaintiff's motion to withdraw the reference is DENIED; and it is further

ORDERED that the Clerk of the Court remove these actions from the open docket. The parties are advised that nothing contained in this Order shall be considered a dismissal or disposition of these actions, and should further proceedings become necessary or desirable, any party may move to reopen these actions by advising the Court in writing that the stay has been lifted.

**IT IS SO ORDERED.**